IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


FLORENCE SALDANA,

        Plaintiff,

vs.                                                                                                            No. CIV 00-343 MV/LFG

WAL-MART, a corporation,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court on Plaintiff's Motion to Remand [Doc. 10]. In accord with this district's practice, the motion, Defendant's response, and Plaintiff's reply were filed as a package. Oral argument is not necessary; this matter can be resolved on the parties' submissions. For the reasons given below, the Motion will be granted.

**Background**

      On January 3, 2000, Florence Saldana ("Saldana") filed a complaint in New Mexico state court against Wal-Mart, seeking damages for injuries sustained in December 1997 when she slipped on a patch of ice in a Wal-Mart parking lot in Taos, New Mexico. Saldana alleged that Wal-Mart's failure to keep the premises in a reasonably safe condition was the proximate cause of her injuries. (Ex. C to Notice of Removal). No other parties were named in the original complaint.

      In an exchange of correspondence in early March, counsel for Wal-Mart notified Saldana's attorney that Wal-Mart planned to remove the case to federal court. (Ex. A to Notice of Removal).

Wal-Mart says that its attorney telephoned Plaintiff's counsel on the morning of March 8, 2000 to discuss the case, following the exchange of letters. Based on information supplied by Saldana's attorney in this conversation as to the extent of Plaintiff's injuries, Wal-Mart's counsel concluded that the jurisdictional amount was sufficient to justify removal, and she told Plaintiff's counsel that she would be removing the case to federal court on diversity grounds.

At this point, Plaintiff's counsel said he did not believe there was diversity jurisdiction, because he anticipated bringing in third parties who were citizens of New Mexico. Later that morning, he called Defendant's counsel and told her he had filed a First Amended Complaint in state court. (Defendant's Response, at 2).

The First Amended Complaint was not actually filed until 4:10 p.m. on March 8, 2000. It named additional parties, including a "Jane Doe," a "John Doe Contractor," and a John Doe Corporation." The complaint identified Jane Doe as the manager of the Taos Wal-Mart. The John Doe Corporation was identified as a New Mexico corporation which contracted with Wal-Mart to perform premises maintenance, including snow and ice removal. John Doe Contractor is identified as a New Mexico resident who worked for John Doe Corporation on the Wal-Mart premises and who failed to remove ice and snow on the day Saldana was injured.

Saldana claims that the reason she amended her complaint in state court was because she anticipated that Defendant would raise the affirmative defense that the contractor, not Wal-Mart, was liable for the Plaintiff's injuries. (Plaintiff's Reply, at 2). Her attorney stated in a March 8 letter to opposing counsel that her "plan was to determine the identity of the contractor hired by Wal-Mart to clear the parking lot of ice and snow through discovery, and then amend the complaint. I felt that was preferable to naming a John Doe corporation in the original suit." (Ex. A to Notice of Removal).

2

Saldana further asserts that the identity and citizenship of the contracting company was not disclosed to her attorney until after the First Amended Complaint was filed, that she had no way of discovering the identity and citizenship without the cooperation of the Defendant, and that she had no option but to include the company as a John Doe defendant. She alleges that her attorney inquired during a phone conversation on March 8 about the identity and citizenship of the contractor, and counsel for Defendant answered that the contractor was a Colorado company. (Plaintiff's Reply Brief at 2 n.1).

Wal-Mart filed a Notice of Removal in this Court on March 8, 2000, at 4:14 p.m., four minutes after Plaintiff filed the First Amended Complaint in state court, naming additional parties. Plaintiff seeks a remand to state court. She concedes that the amount in controversy exceeds the jurisdictional limit but argues that at least one of the parties added in the First Amended Complaint is a citizen of New Mexico, and thus there is no basis for diversity jurisdiction. The identity of the John Doe contractor is now known. The company is J.I.R. Excavation and Crane ("JIR"), which Saldana identifies as a New Mexico corporation. (Plaintiff's Reply, at 3). Plaintiff contends that this information was not revealed by Defendant until the Rule 26(f) meeting on April 13, 2000.

Plaintiff asserts that both parties have announced their intention that JIR be named as a defendant and, indeed, that intention is confirmed by the fact that, shortly after briefing was completed on this motion to remand, Defendant filed a Third-Party Complaint [Doc. 14], naming JIR as a third-party defendant herein. JIR has been served and has filed its Answer. In its Third-Party Complaint, Wal-Mart identifies JIR only as "a privately owned business doing business in Taos, New Mexico"; it makes no allegation as to the corporate citizenship of JIR. JIR's Third-Party Answer is

3

likewise unenlightening on the matter of its citizenship.

## Magistrate Judge's Authority to Act on Removal

Before reaching the merits, the Court must first consider whether it may act on the motion to remand. The Tenth Circuit has not yet determined whether a magistrate judge may act on a motion to remand without the consent of the parties. However, the majority of circuits which have considered this question determined that a motion to remand is non-case dispositive under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. Indeed, decisions from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits either directly or tacitly approve of magistrate judge's handling motions to remand. See, e.g., Cok v. Family Court, 985 F.2d 32 (1st Cir. 1993)(28 U.S.C. § 1447(d) bars review by the court of appeals of a district judge's order granting a motion to remand whether the district judge reviewed the magistrate judge's order as either a final order or as a report and recommendation to which timely objections were filed); Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp 740 (D.R.I. 1996)(a motion to remand is a non-case dispositive matter and subject to the clearly erroneous or contrary to law standard of review); Amalgamated Local 55 UAW v. Fibron Products, Inc., 976 F. Supp. 192 (W.D.N.Y. 1997) (magistrate judge has the authority to determine a motion to remand as a non-case dispositive pretrial matter pursuant to Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a); Young v. James, 168 F.R.D. 24 (E.D. Va. 1996)(motions to remand are non-case dispositive and are reviewed under a clearly erroneous or contrary to law standard); Dugas v. Jefferson County, 911 F. Supp 251 (E.D. Tex. 1995)(motion to remand is referable to magistrate judge as a non-case dispositive motion); but see, Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999); see also Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp 1156 (S.D. Tex.

1994); and City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D. Miss. 1993)(motion to remand to a state court is non-case dispositive and may be referred to a magistrate judge).

Also in accord with this reasoning is Naragon v. Dayton Power & Light Co., 934 F. Supp 899 (S.D. Ohio 1996)(relief sought in motion to remand is non-case dispositive); Archdiocese of Milwaukee v. Underwriters at Lloyds London, 955 F. Supp 1066 (E.D. Wis. 1997)("Generally, the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)"); White v. State Farm Mutual Automobile Insurance Co., 153 F.R.D. 639 (D. Neb. 1993)(magistrate judge has authority to remand as non-case dispositive pretrial matter); see also Banbury v. Omnitrition International, Inc., 818 F. Supp 276 (D. Minn.1993)(remand is non-case dispositive matter); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp 16 (D. Or. 1995)(magistrate judge had authority to enter an order of remand as non-case dispositive pretrial matter).

Indeed, the only circuit to specifically reject a magistrate judge's authority to entertain a motion to remand is the Third Circuit. In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998)(a remand order is dispositive for purposes of Section 636(b)(1)); and Temptations, Inc. v. Wager, 26 F. Supp. 2d 740 (D.N.J. 1998)(an order to remand to state court is dispositive, a magistrate judge does not have authority to enter it without the consent of the parties).

The reasoning underlying the Healthcare decision was soundly rejected in Vogel v. U.S. Office Products Co., 56 F. Supp. 2d 859 (W.D. Mich. 1999). In that case, the court approved the magistrate judge's conclusion based on Fed. R. Civ. P. 72(a) that, "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to

5

remand is necessarily non-dispositive."

The court noted that the federal magistrate statute, 28 U.S.C. § 636(b)(1)(A), contains a non-exhaustive list of dispositive motions for which magistrate judges may issue only proposed findings and recommended disposition. They include motions for injunctive relief, judgment on the pleadings, summary judgment, motions to dismiss or quash an indictment or information, to suppress evidence in a criminal case, to dismiss or permit a class action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. The court concludes that a motion to remand is dissimilar to these motions, in that they either terminate the case entirely, may easily result in termination through exclusion of necessary evidence, require interim determination of the merits of a claim, may result in imposition of a remedy, or add parties who will be bound by the judgment. The motion for remand does none of these things. It neither ends a case nor addresses the substance of a party's claims of defenses. "The Court is therefore unconvinced by the Third Circuit's holding that a motion to remand resolves claims or defenses and is thus dispositive in nature." Vogel, at *4.

Based on this reasoning and on the weight of authority, the Court concludes that a motion to remand is not a case dispositive motion under Rule 72(b) and that a magistrate judge has authority pursuant to Section 636(b)(1)(A) to act on this motion.

**Discussion**

When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68-69, 117 S. Ct. 467, 472-73 (1996). The jurisdictional statute, 28 U.S.C § 1332(a), requires complete diversity; "[t]hat is, diversity

jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978). The requirement of complete diversity "is unequivocal and is controlling whether suit originates in a federal court or is removed." Stanhope v. Ford Motor Credit Co., 483 F. Supp. 275 (W.D. Ark. 1980).

Whether diversity jurisdiction exists is generally determined as of the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 349 (1939). The defendant seeking removal has the burden of showing complete diversity. Id., 305 U.S. at 539. In this case, Saldana filed a First Amended Complaint in state court, adding three defendants who Plaintiff asserts are citizens of New Mexico, prior to Wal-Mart's filing of its Notice of Removal. Saldana had an absolute right to amend its Complaint without leave of court at any time before Wal-Mart filed a responsive pleading. N.M.R.A. (2000) 1-015(A). Thus, at the time of removal, complete diversity did not exist among the parties.

The fact that Saldana's amendment came a scant four minutes before Wal-Mart filed its removal notice is irrelevant; at the time the Notice of Removal was filed, non-diverse parties were included as defendants.[1] Wal-Mart argues that, under the circumstances, it should be excused from attaching the First Amended Complaint to its Notice of Removal, as required in the removal statute, 28 U.S.C. § 1446(a). The Court agrees. Removal will not be refused on this ground.

Wal-Mart also argues, however, that the existence of the John Doe defendants cannot defeat

---

[1] While the Court finds unseemly Plaintiff's "race to the courthouse" to file her First Amended Complaint before Defendant could file a Notice of Removal, Plaintiff's attorney contends that Defendant's counsel misled him as to the true citizenship of the JIR corporation. If this is true, it appears that neither party has acted particularly creditably in this matter.

diversity; it cites 28 U.S.C. § 1441(a), which holds that for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." This portion of § 1441 was added in 1988. It was intended to prevent plaintiffs from naming phantom defendants, against whom they never really intend to recover, solely for purposes of destroying diversity. 14 Charles Alan Wright, et al., Federal Practice and Procedure §3642 (3d ed. 1998); David D. Siegel, "Commentary on 1988 and 1990 Revisions of Section 1441," *notes following* 28 U.S.C.A. § 1441.

However, since the advent of this amendment, several district courts have found that in certain circumstances the citizenship of an unnamed defendant can be considered in determining whether to remand.

> [C]ourts have found that where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant . . . [T]he fact that the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes.

Marshall v. CSX Transp. Co., Inc., 916 F. Supp. 1150, 1152 (M.D. Ala. 1995). *See also*, Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462, 464 (E.D. La. 1994) ("when plaintiff's allegations give a definite clue about the identity of a fictitious defendant . . . the court should consider the citizenship of the fictitious defendant"); Brown v. TranSouth Financial Corp., 897 F. Supp. 1398, 1401 (M.D. Ala. 1995) ("a federal court may decline jurisdiction where a person originally named as a fictitious defendant was an actual person known to both plaintiffs and defendants and was known to be a resident of the same state as plaintiffs"); Lacy v. ABC Ins. Co., No. Civ. A. 95-3122, 1995 WL 688786 (E.D. La. Nov. 17, 1995); Ibieta v. Brink's, Inc., No. Civ. A. 97-2851, 1997 WL 781291

(E.D. La. Dec. 16, 1997).

The Tenth Circuit has not interpreted the 1988 amendment to § 1441(a), but the reasoning of the cases cited above is persuasive. In her First Amended Complaint, Saldana named as Doe defendants a New Mexico corporation which contracted with Wal-Mart to perform snow and ice removal and other premises maintenance, and two individual New Mexico residents, identified as the manager of the Taos Wal-Mart store where Plaintiff sustained her injuries and the individual employee of John Doe Corporation who was responsible for snow and ice removal. These descriptions are sufficiently specific to enable Wal-Mart to determine the identities of the added defendants and to ascertain their citizenship. Wal-Mart was certainly in a better position that Saldana to identify its own manager and contractor. The Court is not precluded, therefore, from considering the citizenship of these added parties in deciding the diversity question, in spite of the language of 28 U.S.C. § 1441(a). Marshall; Tompkins; Brown, *supra*.

Wal-Mart will suffer no great prejudice if this case is remanded. The litigation is in its early stages, and discovery has not yet begun. In addition, Wal-Mart concedes that Saldana has a valid claim against JIR, since Wal-Mart itself added JIR as a party in its Third Party Complaint. Wal-Mart therefore cannot complain that Saldana has unjustifiably named the contractor company solely to destroy diversity.

Saldana states in her Reply Brief that Wal-Mart disclosed at the Rule 26(f) meet-and-confer session on April 13, 2000 the name and citizenship of JIR, and that "we now know" that JIR is a New Mexico corporation. If Wal-Mart intends to challenge this assertion, it has not done so yet. As noted above, Wal-Mart does not identify the state of incorporation or principal place of business of JIR in the Third Party Complaint. These are issues of fact, and the burden of establishing them is on Wal-

9

Mart, as the removing party. Zimmerman Metals, Inc. v. United Eng'rs & Constructors, Inc., 720 F. Supp. 859, 861 (D. Colo. 1989); Pullman, 305 U.S. at 539. Presumably, if JIR were not a New Mexico corporation, Wal-Mart would establish that fact for the record, since its access to this forum depends upon it.

Removal jurisdiction in the federal courts is limited. There is a presumption against it, Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), and the case must be remanded "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), *cited in* Laughlin; *see also*, 28 U.S.C. § 1447(c). Wal-Mart has not met its burden of establishing complete diversity among the parties in this case and has not overcome the presumption against removal.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. 10] is granted, and this case is hereby remanded to state court.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

10